UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SCOTT ALAN KLINE,

        Plaintiff,

v.                                                    Case No. 3:26-cv-423-JEP-MCR

OFFICER GERASIMOVICH, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Scott Alan Kline, a former detainee at the Duval County Jail[1]
who is proceeding pro se, initiated this action by filing a Complaint for
Violation of Civil Rights ("**Complaint**," Doc. 1).[2] In the Complaint, Plaintiff
seems to allege claims of deliberate indifference and retaliation by staff at the
jail during various periods of time. (*See generally id.*).

The Prison Litigation Reform Act ("**PLRA**") amended 28 U.S.C. § 1915
by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if the

---

[1] Although Plaintiff has been in the custody of the Florida Department of
Corrections since his conviction in 2018, at times he was transferred to the jail so he
could attend his postconviction hearings. (*See* Docket Sheet, Duval County Circuit
Court case No. 2017-CF-2728, of which the Court takes judicial notice pursuant to
*Paez v. Sec'y, Fla. Dep't of Corrs.*, 947 F.3d 649, 651–52 (11th Cir. 2020)).

[2] Plaintiff moves to proceed as a pauper. (*See* Doc. 2).

prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of other actions previously brought by Plaintiff that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) *Kline v. Maiorana*, No. 3:20-cv-5942-LC-EMT, Doc. 10 (N.D. Fla. July 9, 2021) (dismissing the case as malicious); (2) *Kline v. Warden,* No. 21-12620, Doc. 10-2 (11th Cir. Dec. 22, 2021) (dismissing the case as frivolous); and (3) *Kline v. Riker,* No. 3:22-cv-1347-HES-JBT, Doc. 9 (M.D. Fla. Mar. 1, 2023) (dismissing the case for failure to state a claim). Thus, Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). *See Kline v. Gerasimovich*, No. 3:25-cv-1139-MMH-MCR, Doc. 2 (M.D. Fla. Oct. 1, 2025) (finding that Kline is a three-strikes litigant). Further, Plaintiff's allegations do not warrant the imminent danger exception to dismissal. (*See* Doc. 1 at 14 (alleging that Plaintiff's cancer, cataracts, and arthritis warrant the imminent danger exception, but failing to

plausibly allege how these conditions warrant the exception[3])). Therefore, the Court will dismiss this case without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of May, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff does not allege whether he received any treatment for cancer before his transfer to the jail, nor does he allege the type of cancer he has. To the extent he alleges that his medications (Naproxen, eye drops, Claritin, Chlorohexidine Gluconate, Triamcinolone Acetate 0.1 Cream, and sunblock) were taken from him when he arrived at the jail, he concedes that he received some of his medications back. (Doc. 1 at 15–16). Thus, the Complaint, "as a whole," does not allege that Plaintiff "was in imminent danger of serious physical injury at the time he filed his Complaint." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

Jax-11
c:
Scott Alan Kline, #2025015368